HOLDEN N. GREEN AND WALTER R. GREEN v. MICHAEL ENGELMANN AND SARAH FRIEND, EX'RS OF NATHAN ENGELMANN.

*Injunction to restrain foreclosure at law.*

A bill to enjoin a foreclosure at law and to compel a discharge of the mortgage was sustained where the weight of evidence tended to show that the mortgage debt had been satisfied by offsetting it against a counter-claim, and that written evidence of this fact was destroyed in the Chicago fire, the mortgagers being afterwards left to deal with the mortgaged premises undisturbed for years during which the lands were being sold and built upon.

Appeal from Manistee. Submitted Oct. 15. Decided October 29.

BILL TO RESTRAIN FORECLOSURE and compel discharge of mortgage. Complainants appeal.

*Bullis & Cutcheon* for complainants. An agreement to receive in payment may be proved by subsequent conduct, *Hotchin v. Secor,* 8 Mich., 500.

*Ramsdell & Benedict* for defendants.

GRAVES, J. This bill was filed to enjoin a foreclosure at law and compel a discharge of the mortgage attempted to be foreclosed: and the court below, on final hearing after answer and proofs, granted the relief sought and the defendants appealed.

The mortgage was given to defendants' testator April 29, 1863, by complainant Holden, N. Green upon part of lot one in section twelve in township twenty-one north, of range seventeen west, in Manistee county, to secure two thousand and four hundred dollars in five payments represented by as many notes of the mortgagor, the last being payable on or before May 1st, 1868, with the right of election to postpone it for another year, and the whole carrying interest at the rate of seven per cent.

In the same year and shortly after the mortgage was given, the complainant Walter R. Green acquired from his brother, the other complainant, an equal undivided half interest in the mortgaged premises, and complainants being in partnership in the lumbering business, they agreed to consider this property as firm property. And subsequently but not long afterwards they caused it to be platted as an addition to the village of Manistee. The first four notes were taken up and they are not in question. The controversy relates to the note of four hundred dollars drawn payable by May 1st, 1868.

Nathan Engelmann, mortgagee and defendants' testator, died on the 3d of March, 1872, but during several years prior to that time his brother, the defendant Michael, possessed plenary authority over his business (which was somewhat extensive) on the east side of Lake Michigan. In the early part of 1870 complainants held a large account for logs against Nathan, the mortgagee,

and they claim that complainant Walter took this account, which excluded the balance on the mortgage, to Milwaukee, and there met the defendant Michael, and that it was there agreed and determined between them that a sufficient amount of the demand for logs to satisfy the remaining note secured by the mortgage should be then deemed as applied upon it, and that defendant Michael agreed that on return of his brother Nathan, who was abroad, he would give up the note, and that he, Michael, would discharge the mortgage the first time thereafter when he should be at Manistee, and that he, Michael, then executed and delivered a writing in substantial accordance with the understanding and importing that the mortgage was paid. The complainants further claim and the testimony supports it, that entries were subsequently made in the books of account on each side of such kind as to afford some corroboration of this statement about settlement of the mortgage; that they were disposing of lots on the premises and were negotiating for loans, and that the mortgage was a standing impediment, and that on this account especially they were, as was explained to the defendant Michael, extremely solicitous to get it out of the way, and that subsequently they showed the writing received from the defendant Michael to purchasers of lots and to others with or through whom they were negotiating to obtain loans as a means of verifying representations made in good faith and in full reliance upon the arrangement with defendant Michael that the mortgage was paid; that this writing was burned in the great fire which happened afterwards in Chicago.

April 28, 1877, notice was published by defendants for foreclosure and sale under the power contained in the mortgage on the 28th of July thereafter, and $680 was claimed to be due and unpaid at the date of the notice. The bill was filed shortly before the time fixed for the sale.

The determination of the case depends wholly on the

view the facts authorize and no question of law arises. The examination by counsel has been as full and complete in all respects as could be wished and an elaborate opinion on the evidence is neither called for nor expedient.    Upon full consideration the facts impress us as they seem to have impressed the court below. Without going into details or referring to other facts having more or less force we may allude to two or three somewhat general considerations.    The last note at the latest was due and payable as long ago as May, 1869.    It bore interest at seven per cent, and according to the defense nothing has been paid since 1867.    If so, the statute of limitations barred it several years ago. The security has always been unquestioned, and until recently money has been continually in demand at ten per cent.    The mortgagee is described as having been a precise and accurate business man and not indifferent to gain, and the case implies that the defendant Michael is a man of prudent and cautious ways and disposed to look sharply to his interest.    From 1870 until his death the mortgagee must have been aware, and the defendant Michael during the whole intervening period must have known, that a town was growing up on the mortgaged premises, and both, as there is reason to conclude from the evidence, must have suspected at least that complainants were dealing with the property and negotiating for loans upon it, and that other parties were buying, building and improving or loaning money upon the premises or otherwise contracting in regard to them upon the faith and belief that the mortgage was in fact satisfied.

At the same time the case shows that the defendants insist that nothing has been paid as principal at any time and nothing even as interest from 1867, a period of ten years, and there is no evidence of any demand for principal and interest from 1870 to the time of the notice to foreclose.

There would be great difficulty in harmonizing these

considerations with the theory of the defense. But they possess great weight in the opposite scale, and reinforce the claim of complainants.

We think the decree should be affirmed with costs.

The other Justices concurred.